LAKE (BICKHAM v.). See Case No. 1,386.

LAKE (CORREY v.). See Case No. 3,253.

## Case No. 7,993.

### LAKE v. FITZGERALD.

[6 Fish. Pat. Cas. 420.] [1]

Circuit Court, S. D. Ohio. June, 1873.

PATENTS—INFRINGEMENT—"VAULT COVERS."

1. Patent to Thaddeus Hyatt for "improvement in vault-covers," reissued April 3, 1855, construed. The patent is one for a grating, with its apertures filled with glass, without any other limitations as to the size of the apertures than those which, without the filling, would cease wholly to perform the functions described in the patent.

2. The character of Hyatt's invention was such as to require a construction which, irrespective of the filling, would answer a practical purpose for a grating. The defendant's device would not answer this purpose.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

3. Had no light similar to defendant's been before in use, the court would consider whether a greater extension of mere size, beyond complainant's own literal limitations, could not. for his protection, be made. Such an interpretation would then have been possibly justifiable for the protection of the principle of a meritorious invention.

4. It is not important that the device should be inserted in detached or removable covers or gratings. The court would readily hold a sidewalk made of iron plates permanently, or a floor or deck containing complainant's inventions, an infringement. Its essence was not a removable cover or grate.

In equity. Final hearing on pleadings and proofs. Suit brought upon letters patent [No. 4,266] for "improvement in vault-covers," granted Thaddeus Hyatt, November 12, 1845; reissued to same April 3, 1855 [No. 303]; extended seven years from November 12, 1859, by the commissioner of patents; extended again for seven years from November 12, 1866, by act of congress [5 Stat. 117], and assigned to complainant August 9, 1866. Also upon letters patent [No. 68,332] for an "improvement in illuminating-roofs and roof-pavements," issued to complainant [Elizabeth A. Lake], as assignee of Thaddeus Hyatt, the inventor, August 27, 1867. The last-mentioned patent does not appear to have been urged at the hearing, or to have been considered by the court in its opinion, the issue having been upon the first patent. Defendant [Frederick Fitzgerald] admits in his answer that he is making, setting, and vending illuminating vault-covers, grating, and roofs, under and by virtue of letters patent granted him for "improved vault-covers," September 25, 1866, and letters patent granted him for an "improved vault-light," November 26, 1867, and alleges that all illuminated vault-covers, grating, roof. and roof-pavements made by him are in strict conformity with the above-recited letters patent.

The court delivered no written opinion. The following is the substance of its opinion, as orally expressed, reported and afterward approved by it.

Fisher & Duncan and Keller & Blake, for complainant.

James Moore, for defendant.

Before EMMONS, Circuit Judge, and SWING, District Judge.

EMMONS, Circuit Judge. When complainant's counsel concluded his argument upon the question of infringement, Judge EMMONS said that unless there were some other considerations not called to their attention, he thought further consideration of the case unnecessary. As to the second claim, he understood counsel not seriously to press it. He thought the first also was not infringed by the defendant. It had been rationally interpreted in argument, and he desired to make no modification of counsel's interpretation. He had rightly, in the opinion of the court, considered the patent as one for a grating. with its apertures filled with glass, with-

out any other limitations as to the size of the apertures than those which, without the filling, would cease wholly to perform the functions described in the patent. Its clauses, demanding lessened openings, as compared with those formerly filled with glass, for similar purposes, were referred to, and thought to exclude manifestly the devices of the defendant. This is also in accordance with the description of the history and purposes of the invention, as given by the patentee in his deposition. The capacity to use thinner glass, the description of a metallic plate perforated with numerous small holes or apertures, for the reception of glass, and of such size as, without the filling, they could be walked over with entire safety, and other characteristics described, it was thought required a construction which, irrespective of all filling, would answer a practical purpose for a grating. The samples before the court of what defendant used, he had no doubt, would not do so. This insertion in a walk or private business house, where the public were solicited to enter for trade, would subject a citizen to liability for injuries, which would undoubtedly result from their use. Had no light similar to defendant's been before in use, he would have considered further whether a still greater extension of mere size beyond complainant's own literal limitations could not for his protection be made. This whole idea of lighting by glass in apertures would thus have been his, and such an interpretation possibly justifiable for the protection of the principle of a meritorious invention. Here, however, other lights in size like defendant's were common. This patent is not for them, but for a peculiar arrangement and form, into which the idea of mere size most prominently enters. He was confident that the placing side by side two or more of Rockwell's old lights would be but a double use. There was full right to multiply to any number such devices in the same cover, or, what he deemed the equivalent, the same sidewalk, floor, or deck. To extend complainant's patent, as claimed, would make it include the use of the Rockwell light, which of course was inadmissible. It was equally so to include those of the defendant, which, so far as all here in controversy are concerned, were in size just like them. The patentee, in his testimony and specifications, in the clearest terms, declares that the dangers and inconveniences of such lights. his are intended to avoid. It would be an unwarrantable construction which would make his claim include them. It was not deemed important that the devices should be inserted in detached or removable covers or gratings. He would readily hold a sidewalk made of iron plates permanently, or a floor or deck containing complainant's inventions an infringement. Its essence was not a removable cover or grate, and the insertion of two or more of Rockwell's lights in a slab, which was so removable, would not infringe.

The use of complainant's improvements in a floor or sidewalk immovably would by no means avoid it. If he had rightly understood counsel as contending that no one could insert two or more lights in a cover or grating, as distinguished from a similar insertion in the floor or walk permanently, then with so much of his argument he disagreed.

SWING, District Judge, said he concurred with Judge EMMONS, and thought the defendant's device would afford no safe protection for the traveler, with its openings unfilled. This seemed to him to be the correct limitation of the complainant's invention, and what defendant had done did not seem to be within it.

Bill dismissed.

[For other cases involving this patent. see Hyatt v. Southworth. 15 Fed. 751, and Cornell v. Hyatt, Case No. 3,237.]